UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
at CHATTANOOGA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| | ) | |
| v. | ) | No. 1:04-CR-156 |
| | ) | Judge Curtis L. Collier |
| | ) | |
| DAVID McDANIEL | ) | |

## **M E M O R A N D U M**

Defendant David McDaniel ("Defendant") filed a Motion for Commitment for Mental Evaluation with a supporting memorandum (Court File Nos. 18, 19). The motion was referred to United States Magistrate Judge William B. Mitchell Carter to conduct an evidentiary hearing and make a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) and (C). The magistrate judge has filed a report and recommendation (Court File No. 54). Defendant filed objections to the report and recommendation within the given ten days (Court File No. 56).

### I.  Standard of Review

This Court must conduct a *de novo* review of those portions of the report and recommendation to which objection is made and may accept, reject, or modify, in whole or in part, the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1)(C).

Defendant essentially objects to the magistrate judge's conclusion he is competent to stand trial, and the magistrate judge's reliance on the testimony and forensic evaluation prepared by Dr. Karen Milliner, Psy.D., a forensic psychologist with the Federal Medical Facility in Lexington, Kentucky, rather than that of Dr. Mark Peterson, M.D., a board certified psychiatrist who evaluated

Defendant at defense counsel's request. Thus the Court will conduct a *de novo* review of the entire report and recommendation.

**II. Analysis**

A criminal defendant may only be tried if he is competent. *Pate v. Robinson*, 383 U.S. 375, 378, 15 L. Ed. 2d 815 (1966). The standard for competence to stand trial is whether the defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding" and has "a rational as well as factual understanding of the proceedings against him." *Dusky v. United States*, 362 U.S. 402, 4 L. Ed. 2d 824, 80 S. Ct. 788 (1960) (per curiam) (internal quotation marks omitted); *accord, Drope v. Missouri*, 420 U.S. 162, 171, 43 L. Ed. 2d 103, (1975) ("[A] person whose mental condition is such that he lacks the capacity to understand the nature and object of the proceedings against him, to consult with counsel, and to assist in preparing his defense may not be subjected to a trial").

**A. Sufficient Present Ability to Consult with his Attorney**

The first issue the Court must address is whether Defendant has "sufficient present ability to consult with his lawyer with a reasonable degree of rational understanding." *Dusky*, 362 U.S. at 402.

Dr. Milliner stated in her forensic report Defendant's performance on the Weschler Intelligence Scale, Third Edition, was consistent with overall intellectual functioning in the range of mild mental retardation (*see* Court File No. 40, Dr. Milliner Forensic Report ("Dr. Milliner Forensic Report"), pp. 7, 10-11) Dr. Milliner also stated, while Defendant's "limited verbal skills can be expected to compromise his ability to communicate some of the more complex issues

2

involved in the alleged offenses, Mr. McDaniel demonstrated a basic ability to consult with his attorney and participate in his own defense" (Dr. Milliner Forensic Report at 12). Dr. Milliner noted Defendant, after some reluctance, was able to describe the events leading to his arrest in some detail, clearly and coherently, without confusion, disorientation, or perceptual distortion surrounding the events (*Id*. at 11-13). Finally, Dr. Milliner stated Defendant understood "the importance of consulting with his attorney and mounting a successful defense" (*Id*. at 12).

Dr. Peterson, in contrast, testified at the hearing Defendant would be cooperative in formulating a defense and reasoning with counsel but would be unable to understand the nuances in the complex legal issues facing him. Additionally, Dr. Peterson stated he thought Defendant would not be able to talk to counsel in a meaningful way about the case and discuss the pros and cons of entering a guilty plea, because that would be too difficult for Defendant. In his psychiatric report, Dr. Peterson stated Defendant "has an extreme deficiency of understanding complex issues."

The magistrate judge decided, after evaluating the conflicting reports and testimony of Drs. Milliner and Peterson, the report by Dr. Milliner was more thorough and based on interviews and information gleaned from more extended contact with the Defendant than that by Dr. Peterson (R&R p. 17). Defendant objects to this reliance on Dr. Milliner's opinion, pointing to what he perceives as weaknesses in her analysis and failure to diagnose him as schizophrenic, while Dr. Peterson did make such a diagnosis (Court File No. 56, pp. 4, 5, 6). Defendant's counsel states Defendant will not be able to assist her in preparing his defense because Dr. Peterson testified the very process of teaching Defendant about the elements of the offenses with which he is charged would destroy his ability to assist his attorney by recalling his thought process at the time of the offense; Defendant will impart his new knowledge to his past behavior rather than relate his actual thought process from

3

the time of the conduct (*Id*. p. 8). However, Dr. Milliner did not report any such finding about Defendant's ability to assist counsel in preparing his defense (*see* Dr. Milliner Forensic Report, pp. 11-13). Defendant also argues his perception of reality is skewed by his schizophrenia and mental retardation, and this is a factor to consider in determining whether he can assist counsel in his defense (Court File No. 56, p. 9).

The magistrate judge in his report and recommendation evaluated the conflicting conclusions of Drs. Milliner and Peterson and concluded that of Dr. Milliner was more reliable and supported the conclusion Defendant would be able to consult with and assist his counsel (R&R, pp. 18-19). After carefully reviewing the various reports and documents submitted by the doctors and their testimony during the hearings, the Court finds the magistrate judge's decision to rely on Dr. Milliner's opinion over Dr. Peterson's opinion in determining Defendant will be able to consult with and assist his counsel is supported by the evidence.

### B. Rational and Factual Understanding of Proceedings Against him

The second issue the Court must address is whether Defendant has "a rational as well as factual understanding of the proceedings against him." *Dusky*, 362 U.S. at 402. The magistrate judge in his report and recommendation also evaluated the conflicting conclusions of Drs. Milliner and Peterson on this point and concluded those of Dr. Milliner was more reliable and supported the conclusion Defendant would have a rational and factual understanding of the proceedings against him (R&R, pp. 17-19).

Dr. Milliner stated in her forensic evaluation that, considering Defendant is functioning in the mildly mentally retarded range, he "could be expected to have difficulty comprehending some of the more complex issues involved in his legal situation, but the examiner was unable to get a clear

4

picture of the precise nature of any such difficulties" (Dr. Milliner Forensic Report, pp. 11-12). However, Dr. Milliner noted Defendant on a basic level understands "the adversarial nature of the legal process, the roles of various participants in a legal hearing, the meaning of various pleas, and the possible consequences of conviction" (*Id*. p. 11). Dr. Milliner also opined Defendant "demonstrated an ability to make self-serving decisions in light of [the issues involved in these legal proceedings], and demonstrated motivation to obtain a favorable outcome to the pending proceedings" (*Id*. p. 12). Dr. Milliner testified at the hearings Defendant's prior experience with the criminal justice system, including more than 30 prior arrests and entry of 14 guilty pleas, would make it easier for Defendant to understand the present legal proceedings, although she conceded "we cannot know that he was aware of what was going on in all of those guilty pleas."

Dr. Peterson testified at the hearings he doubted whether Defendant could be trained to learn legal concepts such as the right to a trial by jury and the elements of a complex offense, such as conspiracy. Dr. Peterson in his psychiatric report stated Defendant "can mimic and repeat words that appear sophisticated and complex . . . [but w]hen asked to define these terms is [sic] at a loss for explanation."

The magistrate judge found Dr. Milliner's testimony and report showed Defendant knows the nature of the charges against him on a basic level, can identify his attorney, and understands the role of his attorney, the judge and the prosecutor in these proceedings, as well as the meaning of a plea of not guilty (Court File No. 54, p. 18-19). The magistrate judge then found this supported a finding Defendant has a rational and factual understanding of the proceedings against him (*Id*.). Dr. Peterson did not address these specific issues in his report or testimony, therefore he is not in conflict with Dr. Milliner except in his overall conclusion Defendant is not competent to stand trial.

5

Defense counsel objects to the finding Defendant understands the criminal justice system. Defense counsel argues since her notes from interviews with Defendant do not show he informed her his residence was searched in connection with his arrest, an event she regards as "significant" to the case, he must not truly understand the criminal justice system (Court File No. 56, pp. 7-8). Criminal defendants fail to disclose facts to their attorneys, intentionally or unintentionally, in many cases and for many reasons; the Court finds this alone does not defeat the other evidence supporting Defendant's understanding of the criminal justice system and proceedings against him.

Defense counsel also notes Dr. Peterson's testimony Defendant would appear to respond intelligently to questions the Court will ask him at a rearraignment regarding waiver of rights under the United States Constitution, without actually having the mental capacity to understand the meaning and significance of his answers, in support of her argument he will not understand the proceedings against him. However, Dr. Milliner testified Defendant would be able to respond knowingly and intelligently to these questions if the Court explained things in very simple terms and asked Defendant to repeat them in his own words. Additionally, the Court would note the issue before it today is not Defendant's ability to knowingly and intelligently waive certain rights if he decides to plead guilty to the charges against him, an evaluation the Court would make at the time of rearraignment, but whether Defendant is competent to stand trial under the rule from *Dusky* set out *supra*. *See generally Godinez*, 509 U.S. at 400-02 (while standard of competency is same for standing trial or pleading guilty, district judge must determine any waiver of rights in pleading guilty is intelligent and voluntary before the plea can be accepted).

Again, after carefully reviewing the various reports and documents submitted by the doctors and their testimony during the hearings, the Court finds the magistrate judge's decision to rely on

6

Dr. Milliner's opinion over Dr. Peterson's opinion in determining Defendant will have a rational and factual understanding of the proceedings against him is supported by the evidence.

**III.    Conclusion**

Because the Court finds the magistrate judge's reliance on Dr. Milliner's opinion as to both prongs of the competency analysis was supported by the evidence, and the Court also finds the applicable law supports a finding the Government has met its burden of proving, based on these facts, Defendant is competent to stand trial, the Court will **ACCEPT** and **ADOPT** the magistrate judge's report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(C).

An Order shall enter.

/s/
**CURTIS L. COLLIER**
**UNITED STATES DISTRICT JUDGE**